*Li v. Holder*

BIA
Weisel, IJ
A078 746 423

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of August, two thousand ten.

PRESENT:
      ROGER J. MINER,
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges*.

_____

YONG TONG LI

    *Petitioner*,

    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.

_____

09-3930-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | G. Victoria Calle, New York, New York. |
| FOR RESPONDENT: | John D. Williams, Trial Attorney (Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel, *of counsel*), |

**Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yong Tong Li, a native and citizen of the People's Republic of China, seeks review of an August 24, 2009 order of the BIA, affirming the November 28, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel, which, following remand from this Court pursuant to the parties' stipulation, denied Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Tong Li*, No. A078 746 423 (B.I.A. Aug. 24, 2009), *aff'g* Nos. A078 746 423 (Immigr. Ct. N.Y. City Nov. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the order of the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. §

1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 293, 296 (2d Cir. 2006). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination. *See Shu Wen Sun*, 510 F.3d at 379. In finding Li's testimony not credible, the agency relied on the fact that his asylum application omitted his alleged mistreatment while in detention in 1999. Because this omission goes to the heart of Li's claim of past persecution, and is substantial when measured against the record as a whole, the agency did not err in relying on the omission in finding Li not credible. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008) (noting that an "omission in a document . . . like a direct inconsistency . . . can serve as a proper basis for an adverse credibility determination").

Contrary to Li's argument, he was sufficiently on notice to address the omission in his asylum application. Li correctly points out, as the BIA acknowledged, that the

3

IJ's 2002 finding — that Li's asylum application contradicted his testimony and stated that he was not tortured during his detention — misconstrued Li's application, because that portion of the application referred to Li's treatment in detention in the United States. Nonetheless, because the IJ based his adverse credibility determination on the fact that the asylum application did not support Li's testimony with respect to his treatment in detention, and the parties' 2007 stipulation provided that the issue of Li's treatment in detention was to be considered on remand, Li's argument that he was not on notice to address the issue is without merit. Moreover, because this omission concerned the core of Li's claim, and was "obvious," the IJ was not required to identify the inconsistency and afford Li an opportunity to address it before relying on it in his decision. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 120-21 (2d Cir. 2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun*, 510 F.3d at 379. Accordingly, the agency did not err in denying Li's

4

application for asylum and withholding of removal based on its adverse credibility determination insofar as the claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Because the agency's adverse credibility finding is dispositive of Li's application for asylum and withholding of removal, we need not address the agency's alternative burden finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5